# AWARD
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

Names of Claimants

Ira Robb, Individually and as General Partner
of Iracini Equity, LP, and as Beneficiary of the
Ira Robb Rollover IRA, Edward W. Leshin,
as Beneficiary of the Edward W. Leshin Rollover IRA,
and Leonard and Kimberly Almalech, as Co-Trustees
of the Almalech Living Trust

vs.

Case Number: 10-02252
Hearing Site: Chicago, Illinois

Names of Respondents

Neuberger Berman, LLC, Joseph Vincent Amato,
Bradley Curtis Tank, Edward Stephen Grieb,
Brad Elliott Cetron, and Brian Hahn

## NATURE OF THE DISPUTE

Customers vs. Member and Associated Persons

## REPRESENTATION OF PARTIES

Ira Robb, Individually and as General Partner of Iracini Equity, LP, and as Beneficiary of the Ira Robb Rollover IRA, Edward W. Leshin, as Beneficiary of the Edward W. Leshin Rollover IRA, and Leonard and Kimberly Almalech, as Co-Trustees of the Almalech Living Trust ("Claimants") were represented by Alan F. Block, Esq., Block & Landsman, Chicago, Illinois and Nicholas P. Iavarone, Esq., The Iavarone Law Firm, Chicago, Illinois.

Neuberger Berman, LLC ("Neuberger Berman"), Joseph Vincent Amato ("Amato"), Bradley Curtis Tank ("Tank"), Edward Stephen Grieb ("Grieb"), Brad Elliott Cetron ("Cetron"), and Brian Hahn ("Hahn"), hereinafter collectively referred to as "Respondents," were represented by Seth M. Schwartz, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, New York, New York.

## CASE INFORMATION

The Statement of Claim was filed on or about May 11, 2010. The Submission Agreement of Claimants, Ira Robb, Individually and as General Partner of Iracini Equity, LP, and as Beneficiary of the Ira Robb Rollover IRA, was signed on or about April 16, 2010. The

FINRA Dispute Resolution
Arbitration No. 10-02252
Award    Page 2 of 8

Submission Agreement of Claimants, Edward W. Leshin, as Beneficiary of the Edward W. Leshin Rollover IRA, was signed on or about April 17, 2010. The Submission Agreement of Claimants, Leonard and Kimberly Almalech, as Co-Trustees of the Almalech Living Trust, was signed on or about April 20, 2010.

The Statement of Answer was filed by Respondent, Neuberger Berman, LLC, Joseph Vincent Amato, Bradley Curtis Tank, Edward Stephen Grieb, Brad Elliott Cetron, and Brian Hahn, on or about July 9, 2010. The Submission Agreement of Respondent, Neuberger Berman, LLC, was signed on or about July 26, 2010. The Submission Agreement of Respondent, Joseph Vincent Amato, was signed on or about May 27, 2010. The Submission Agreement of Respondent, Bradley Curtis Tank, was signed on or about May 25, 2010. The Submission Agreement of Respondent, Edward Stephen Grieb, was signed on or about May 25, 2010. The Submission Agreement of Respondent, Brad Elliott Cetron, was signed on or about May 27, 2010. The Submission Agreement of Respondent, Brian Hahn, was signed on or about May 25, 2010.

## CASE SUMMARY

Claimants asserted the following causes of action: breach of fiduciary duty; fraud; negligence; violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; violation of the California Consumer Legal Remedies Act; violation of the Illinois Securities Law of 1953; violation of the California Securities Law of 1968; violation of the Securities Act of 1934. The causes of action related to the allegation of a general fraudulent scheme to target investors, especially high net worth individuals to raise funds for Lehman Brothers Holdings and Lehman Brothers, Inc. under the guise of principal protected notes.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted affirmative defenses.

## RELIEF REQUESTED

Claimants requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages (Robb) | $ 7,195,973.00 |
| Exemplary/Punitive Damages (Robb) | $21,587.919.00 |
| Actual/Compensatory Damages (Almalech) | $    250,000.00 |
| Exemplary/Punitive Damages (Almalech) | $    750,000.00 |
| Actual/Compensatory Damages (Leshin) | $    115,000.00 |
| Exemplary/Punitive Damages (Leshin) | $    345,000.00 |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |

FINRA Dispute Resolution
Arbitration No. 10-02252
Award    Page 3 of 8

At the hearing, Claimants requested punitive damages only equal to compensatory damages, instead of three times compensatory damages. Claimants requested attorneys' fees up to 10% of the Award.

Respondents requested that the claims asserted against them be denied in their entirety and that they be awarded their costs and attorneys' fees.

## OTHER ISSUES CONSIDERED & DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

During the initial pre-hearing conference call on October 11, 2010, the parties and the Panel agreed to direct communication pursuant to Rule 12211.

On or about October 25, 2010, Respondents filed a Motion to Sever Claims of Robb, Leshin, and Almalech. Claimant filed an Opposition to the Motion to Sever. On or about December 13, 2010, Respondents filed a Reply in Support of the Motion to Sever. The Panel issued an Order dated December 20, 2010, denying the Motion.

On or about April 14, 2011, FINRA notified the parties that the Chairperson wanted direct communication discontinued and for all filings to be filed through FINRA.

On or about May 6, 2011, Respondents filed a Motion in Limine and Affidavit of George Walker. The Panel deferred this Motion until the final hearing. Respondents did not present this Motion to the Panel at the hearing. Since Claimants did not call George Walker as a witness at the hearing, the Motion is moot.

At the hearing on May 16, 2011, Respondents' counsel made a Motion for Arbitrator John Burke to Recuse Himself from the Panel. Claimants filed an Opposition to the Motion. The hearing adjourned after the morning session. After review and consideration of the parties' arguments, Arbitrator John Burke voluntarily recused himself from the Panel. FINRA appointed a replacement Arbitrator as Chairperson, Ray J. Grzebielski. The parties accepted the composition of the Panel and the hearing resumed on May 17, 2011.

Orally at the hearing which was recorded, Respondents, Joseph Vincent Amato, Bradley Curtis Tank, Edward Stephen Grieb, Brad Elliott Cetron, and Brian Hahn, requested expungement.

On June 6, 2011, the parties submitted post-hearing submissions regarding attorneys' fees.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

FINRA Dispute Resolution
Arbitration No. 10-02252
Award      Page 4 of 8

# AWARD

After considering the pleadings, the testimony, the evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.) Claimants' claims against Respondents, Joseph Vincent Amato, Bradley Curtis Tank, Edward Stephen Grieb, Brad Elliott Cetron, are hereby denied and dismissed with prejudice;

2.) Respondent, Neuberger Berman, LLC, is liable for and shall pay to Claimant, Edward W. Leshin Rollover IRA, the sum of $115,000.00 in compensatory damages, provided Leshin transfers his structured note to Neuberger Berman;

3.) Respondent, Neuberger Berman, LLC, is liable for and shall pay to Claimant, Edward W. Leshin Rollover IRA, interest on the above-stated sum at the rate of 3% per annum from and including August 18, 2008 through and including the date this Award is paid in full;

4.) Respondent, Neuberger Berman, LLC, is liable for and shall pay to Claimant, Edward W. Leshin, the sum of $7,500.00 in attorneys' fees pursuant to Illinois Consumer Fraud and Deceptive Trade Practices Act;

5.) Respondents, Neuberger Berman, LLC and Brian Hahn, are jointly and severally liable for and shall pay to Claimant, Almalech Living Trust, the sum of $250,000.00 in compensatory damages, provided Almalech transfers its structured note to Neuberger Berman;

6.) Respondents, Neuberger Berman, LLC and Brian Hahn, are jointly and severally liable for and shall pay to Claimant, Almalech Living Trust, interest on the above-stated sum at the rate of 3% per annum from and including July 23, 2008 through and including the date this Award is paid in full;

7.) Respondents, Neuberger Berman, LLC and Brian Hahn, are jointly and severally liable for and shall pay to Claimant, Ira Robb Rollover IRA, the sum of $1,680,000.00 in compensatory damages, provided Robb transfers his Combats structured note to Neuberger Berman;

8.) Respondents, Neuberger Berman, LLC and Brian Hahn, are jointly and severally liable for and shall pay to Claimant, Ira Robb Rollover IRA, interest on the above-stated sum at the rate of 3% per annum from and

including July 23, 2008 through and including the date this Award is paid in full;

9.) Respondents, Neuberger Berman, LLC and Brian Hahn, are jointly and severally liable for and shall pay to Claimant, Iracini Equity, LP, the sum of $3,000,000.00 in compensatory damages, provided that Iracini transfers its Lehman Brothers XLF note and Libertyview Credit Select to Neuberger Berman;

10.) Respondents, Neuberger Berman, LLC and Brian Hahn, are jointly and severally liable for and shall pay to Claimant, Iracini Equity, LP, interest on $1,000,000.00 at the rate of 3% per annum from and including April 1, 2008 through and including the date this Award is paid in full;

11.) Respondents, Neuberger Berman, LLC and Brian Hahn, are jointly and severally liable for and shall pay to Claimant, Iracini Equity, LP, interest on $2,000,00.00 at the rate of 3% per annum from and including July 23, 2008 through and including the date this Award is paid in full;

12.) The Panel recommends the expungement of all references to the above captioned arbitration from Respondents, Joseph Vincent Amato, Bradley Curtis Tank, Edward Stephen Grieb's, registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to Notice to Members 04-16, Respondents, Joseph Vincent Amato, Bradley Curtis Tank, Edward Stephen Grieb, must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 12805, the Panel has made the following Rule 2080 affirmative finding of fact:

- The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds;

The Panel has made the above Rule 2080 finding based on the following reasons:

The Panel heard seven days of testimony and evidence without one

FINRA Dispute Resolution
Arbitration No. 10-02252
Award    Page 6 of 8

mention of the names of Joseph Vincent Amato, Bradley Curtis Tank, Edward Stephen Grieb, for whom the Panel agreed to grant expungement for;

12.) Respondents, Neuberger Berman, LLC, Joseph Vincent Amato, Bradley Curtis Tank, Edward Stephen Grieb, Brad Elliott Cetron, and Brian Hahn, are jointly and severally liable for and shall pay to Claimants, Ira Robb, Individually and as General Partner of Iracini Equity, LP, and as Beneficiary of the Ira Robb Rollover IRA, Edward W. Leshin, as Beneficiary of the Edward W. Leshin Rollover IRA, and Leonard and Kimberly Almalech, as Co-Trustees of the Almalech Living Trust, the sum of $600.00 in costs as reimbursement of the non-refundable portion of the filing fee; and

13.) Any relief not specifically enumerated, including the expungement requested by Brad Elliott Cetron and Brian Hahn and punitive damages, is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

FINRA Dispute Resolution will retain the non-refundable filing fee* for each claim:

Initial Claim filing fee                                                = $ 1,800.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated persons at the time of the events giving rise to the dispute. Accordingly, as a party, Neuberger Berman, LLC is assessed the following:

| | |
|---|---|
| Member surcharge | = $ 3,750.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $ 5,500.00 |

### Discovery-Related Motion Fees

Fees apply for each decision rendered on a discovery-related motion.

FINRA Dispute Resolution
Arbitration No. 10-02252
Award     Page 7 of 8

| | |
|---|---:|
| Three (3) Decisions on discovery-related motions on the papers with one (1) arbitrator @ $200.00 | = $ 200.00 |
| Respondent submitted three (3) discovery-related motions | |
| **Total Discovery-Related Motion Fees** | **= $ 600.00** |

The Panel has assessed $180.00 of the discovery-related motion fees jointly and severally to Ira Robb, Individually and as General Partner of Iracini Equity, LP, and as Beneficiary of the Ira Robb Rollover IRA, Edward W. Leshin, as Beneficiary of the Edward W. Leshin Rollover IRA, and Leonard and Kimberly Almalech, as Co-Trustees of the Almalech Living Trust.

The Panel has assessed $420.00 of the discovery-related motion fees jointly and severally to Neuberger Berman, LLC and Brian Hahn.

## Hearing Session Fees and Assessments

The Panel has assessed hearing session fees for each hearing session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---:|
| Two (2)  Pre-hearing sessions with Panel x $1,200.00 | | | = $ 2,400.00 |
| Pre-hearing conferences: | October 11, 2010 | 1 session | |
| | December 20, 2010 | 1 session | |
| | | | |
| Fifteen (15)  Hearing sessions x $1,200.00 | | | = $18,000.00 |
| Hearing Dates: | May 16, 2011 | 1 session | |
| | May 17, 2011 | 2 sessions | |
| | May 18, 2011 | 2 sessions | |
| | May 19, 2011 | 2 sessions | |
| | May 20, 2011 | 2 sessions | |
| | May 23, 2011 | 2 sessions | |
| | May 25, 2011 | 2 sessions | |
| | May 26, 2011 | 2 sessions | |
| **Total Hearing Session Fees** | | | **= $20,400.00** |

The Panel has assessed $6,120.00 of the hearing session fees jointly and severally to Ira Robb, Individually and as General Partner of Iracini Equity, LP, and as Beneficiary of the Ira Robb Rollover IRA, Edward W. Leshin, as Beneficiary of the Edward W. Leshin Rollover IRA, and Leonard and Kimberly Almalech, as Co-Trustees of the Almalech Living Trust.

FINRA Dispute Resolution
Arbitration No. 10-02252
Award      Page 8 of 8

The Panel has assessed $14,280.00 of the hearing session fees jointly and severally to Neuberger Berman, LLC and Brian Hahn.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Ray J. Grzebielski - Public Arbitrator, Presiding Chair
G. Marshall Abbey - Public Arbitrator
Matthew P. Hardy - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____            _____
Ray J. Grzebielski                                               Signature Date
Public Arbitrator, Presiding Chair

/s/ G. Marshall Abbey                                    July 13, 2011
G. Marshall Abbey                                         Signature Date
Public Arbitrator

/s/ Matthew P. Hardy                                     July 15, 2011
Matthew P. Hardy                                          Signature Date
Non-Public Arbitrator

July 15, 2011
Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 10-02252
Award    Page 8 of 8

The Panel has assessed $14,280.00 of the hearing session fees jointly and severally to Neuberger Berman, LLC and Brian Hahn.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Ray J. Grzebielski - Public Arbitrator, Presiding Chair
G. Marshall Abbey - Public Arbitrator
Matthew P. Hardy - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____
Ray J. Grzebielski
Public Arbitrator, Presiding Chair

_____
Signature Date

*[signature]*
_____
G. Marshall Abbey
Public Arbitrator

7/13/11
_____
Signature Date

_____
Matthew P. Hardy
Non-Public Arbitrator

_____
Signature Date

_____
Date of Service (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 10-02252
Award    Page 8 of 8

The Panel has assessed $14,280.00 of the hearing session fees jointly and severally to Neuberger Berman, LLC and Brian Hahn.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

### ARBITRATION PANEL

Ray J. Grzebielski - Public Arbitrator, Presiding Chair
G. Marshall Abbey - Public Arbitrator
Matthew P. Hardy - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____
Ray J. Grzebielski
Public Arbitrator, Presiding Chair

Signature Date

_____
G. Marshall Abbey
Public Arbitrator

Signature Date

_/s/ Matthew P. Hardy_
Matthew P. Hardy
Non-Public Arbitrator

7-15-11
Signature Date

_____
Date of Service (For FINRA office use only)